NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEV ANAND OMAN; et al.,

Plaintiffs-Appellants,

v.

DELTA AIR LINES, INC.,

Defendant-Appellee.

No.     17-15124

D.C. No. 3:15-cv-00131-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 30, 2020
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] District
Judge.

Plaintiffs are four current or former flight attendants who seek to represent

an uncertified class of Delta Air Lines flight attendants who have performed work

in California.  They allege that Delta violated provisions of California law

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

governing the payment of minimum wages, timing of wage payments, and the format of wage statements.  Plaintiffs appeal from the district court's order granting summary judgment to Delta on the minimum-wage claims, and from the court's separate order granting summary judgment to Delta on the timing-of-pay and wage-statement claims.  We affirm in part and reverse and remand in part.

**1.**  We affirm the district court's entry of summary judgment in Delta's favor on the minimum-wage claims asserted by all plaintiffs.  In response to our certification request, the California Supreme Court held that Delta complied with California's minimum-wage laws.  *Oman v. Delta Air Lines, Inc.*, 466 P.3d 325, 341 (Cal. 2020).  That ruling obviates any need for us to decide whether application of those laws would be impermissibly extraterritorial or would violate the dormant Commerce Clause.

**2.**  We reverse and remand the district court's entry of summary judgment in Delta's favor on the timing-of-pay and wage-statement claims asserted by plaintiffs Todd Eichmann, Albert Flores, and Michael Lehr.  In its decision in *Oman*, the California Supreme Court held that California Labor Code §§ 204 and 226 apply to flight attendants who either perform a majority of their work in California or who do not perform a majority of their work in any one State and are based for work purposes in California.  466 P.3d at 341.  For the reasons stated in our concurrently filed opinion in *Ward v. United Airlines, Inc.*, No. 16-16415, ___

F.3d ___ (9th Cir. 2021), application of this test to flight attendants who meet its requirements does not violate the dormant Commerce Clause. Although it appears as though plaintiffs Eichmann, Flores, and Lehr may satisfy this test, we remand to the district court for a determination of that issue in the first instance. We also remand to the district court to determine in the first instance whether Delta complied with §§ 204 and 226, assuming these plaintiffs establish that they meet the requirements of the California Supreme Court's test.

The record establishes that plaintiff Dev Oman does not meet the requirements of the California Supreme Court's test, so we affirm the district court's entry of summary judgment in Delta's favor on the timing-of-pay and wage-statement claims asserted by Oman.

**AFFIRMED in part; REVERSED and REMANDED in part.**

The parties shall bear their own costs.